IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

JOSHUA JARRETT and
JESSICA JARRETT,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 3:24-cv-01209

## ANSWER

The United States answers and responds to the complaint as follows:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The complaint's demand for injunctive relief is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a).

### RESPONSES TO ALLEGATIONS OF THE COMPLAINT

The United States responds to the allegations set forth in the numbered paragraphs in the complaint as follows:

1.    The United States admits the allegations in paragraph 1.

2.    The United States admits the allegations in the first sentence of paragraph 2 to the extent that Plaintiffs allege Plaintiffs owned a cryptocurrency called Tezos in tax year 2020, and denies the remaining allegations in the first sentence of paragraph 2. The United States admits that cryptocurrency is, in some circumstances, considered property and denies the remaining

allegations in the second sentence of paragraph 2. The United States admits that cryptocurrency tokens can be freely held and transferred, but to the extent the third sentence of paragraph 2 alleges that cryptocurrency tokens are always freely held and can always be transferred, the United States denies the allegations in the third sentence of paragraph 2.

3. The United States denies that users create tokens through staking.

4. The United States admits that, on August 29, 2023, Plaintiffs filed a Form 1040X for tax year 2020 that reported to the IRS that Plaintiffs changed the treatment of Tezos staking rewards, attached a staking schedule that reported 13,713.63 of Tezos staking activity, and included an additional $32,832.26 in Plaintiffs' other income reported for tax year 2020. The United Stated denies Plaintiff creates them, and lacks knowledge or information sufficient to form a belief as to whether he receives Tezos tokens every year.

5. The United States denies Plaintiff creates Tezos tokens and admits the remaining allegations in paragraph 5.

6. The United States admits the allegations in the first sentence of paragraph 6. The United States denies allegations in the second, third, fourth, and fifth sentences of paragraph 6. The United States admits that the source quoted in the sixth sentence of paragraph 6 is quoted correctly, and denies the remaining allegations in paragraph 6.

7. The United States denies the allegations in paragraph 7.

8. The United States denies the allegations in the first sentence of paragraph 8. The United States lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 8.

9. The United States admits the allegations in the first sentence of paragraph 9, except that it denies taxpayers who receive staking rewards create digital asset tokens and that

staking rewards are comparable to "other new property." The United States denies that tokens are taxable based on an estimated value, but admits the remaining allegations in the second sentence of paragraph 9. The United States denies the remaining allegations in paragraph 9.

10. The United States denies the allegations in paragraph 10.

11. The United States denies the allegations in the first, second, and third sentences of paragraph 11. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegation that most Tezos token holders stake, and denies the remaining allegations in the fourth sentence of paragraph 11.

12. The United States admits the allegations in the first and second sentences of paragraph 12. The United States admits that the IRS granted Plaintiff's refund for the 2019 tax year, and admits that the Court dismissed *Jarrett v. United States*, 2022 WL 4793235 (M.D. Tenn.) as moot. The United States admits Jarrett made an administrative claim for refund for the 2020 tax year and filed this lawsuit and denies the remaining allegations in paragraph 12.

13. The United States admits the allegations in paragraph 13.

14. The United States admits the allegations in paragraph 14.

15. The United States admits the allegations in paragraph 15 but denies it "stands in for its agency."

16. The United States admits the Court has jurisdiction under 28 U.S.C.§ 1346(a)(1) and 26 U.SC. § 7422, and denies that the Court has subject matter jurisdiction under its "general equitable and legal powers."

17. The United States admits the allegations in paragraph 17.

18. The United States denies the disputed federal income taxes were erroneously assessed and admits the remaining allegations in paragraph 18.

19. The United States admits the allegations in paragraph 19 to the extent Plaintiffs allege they have made a timely administrative claim for refund, and timely filed this suit, otherwise the United States denies the allegations in paragraph 19.

**I. The United States denies the allegations in heading I.**

20. The United States admits that plaintiffs live in Nashville and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20.

21. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22. The United States admits the source quoted paragraph 22 is quoted correctly.

23. The United States admits the allegations in paragraph 23 except that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff Joshua Jarrett uses Tezos.

24. The United States admits the allegations in paragraph 24 as they pertain to Tezos, and lacks knowledge or information sufficient to form a belief as to the truth of the allegation as it pertains to all other cryptocurrencies.

25. The United States admits source quoted in paragraph 25 is quoted correctly.

26. The United States denies that users create tokens and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31. The United States denies the allegations in paragraph 31.

32. The United States denies the allegations in paragraph 32.

33. The United States denies users create tokens through staking, and admits the remaining allegations in paragraph 33.

34. The United States denies that stakers create tokens, and admits the remaining allegations in paragraph 34

35. The United States admits that users on the Tezos network are rewarded with tokens for validating and confirming transactions to its blockchain, and denies users create tokens through staking.

36. The United States denies the allegations in paragraph 36.

37. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. The United States admits that the blockchain is sometimes described as a distributed ledger and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40.

41. The United States denies the allegations in paragraph 41.

42. The United States denies the allegations in the first sentence of paragraph 42. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 42.

43. The United States denies that users create new tokens, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43.

44. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45. The United States denies stakers create tokens, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45.

46. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47. The United States denies that users create tokens through staking, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48. The United States denies that Plaintiff created Tezos tokens, admits that Plaintiffs reported 13,713.63 of Tezos staking activity to the IRS on a schedule attached to their Form 1040X for the tax year 2020. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48.

49. The United States denies Plaintiff created Tezos tokens and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49.

50. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51. The United States admits the allegations in paragraph 51 to the extent Plaintiffs reported 13,713.63 of Tezos staking activity to the IRS on a schedule attached to their Form 1040X for the tax year 2020, and included an additional $32,832.26 in Plaintiffs' other income reported for tax year 2020. The United States denies Plaintiff created Tezos tokens, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51.

**II. The United States admits the allegations in heading II.**

52. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 52. The United States admits that Plaintiff must pay taxes on the value of the tokens upon receipt, and denies the remaining allegations in paragraph 52.

   **A. The United States lacks knowledge or information sufficient to form a belief as to the allegations in heading II(A).**

53. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54. The United States denies the allegations in paragraph 54.

55. The United States admits that new property is in some instances not taxable income upon creation, but denies that Tezos users create new tokens.

56. The United States denies the allegations in paragraph 56.

57. The United States denies the allegations in paragraph 57.

58. The United States denies the allegations in paragraph 58.

59. The United States denies the allegations in paragraph 59.

60. The United States denies the allegations in paragraph 60.

**B. The United States admits that staking rewards must be reported as income at market value upon receipt and denies the remaining allegations in heading II(B).**

61. The United States denies that market value is "estimated," denies that stakers create new property, and admits the remaining allegations in paragraph 61.

62. The United States denies the allegations in paragraph 62.

63. The United States admits it published Revenue Ruling 2023-14 in 2023 and that Revenue Ruling 2023-14 requires taxpayers who receive staking rewards to report the rewards as income at their fair market value upon having the ability to sell, exchange, or otherwise dispose of them; the United States denies the remaining allegations in paragraph 63.

64. The United States admits that the quoted sections of Revenue Ruling 23-14 are quoted correctly and state the IRS's position, but lacks knowledge or information sufficient to form a belief as to Plaintiff's activities.

65. The United States admits the quoted sources are quoted correctly.

66. The United States admits the allegations in paragraph 66.

67. The United States denies the allegations in paragraph 67.

**III. The United States denies the allegations in heading III.**

68. The United States denies the allegations in paragraph 68.

### A. The United States denies the allegations in heading III(A).

69. The United States denies the allegations in paragraph 69 because they are an incomplete statement of law.

70. The allegation in paragraph 70 is an incomplete quotation of the statute; the United States admits that the elided language appears in the statute, denies that it is a complete statement of law, and denies the remaining allegations in paragraph 70.

71. The United States admits the allegations in the first sentence of paragraph 71. The United States denies the remaining allegations in paragraph 71.

72. The United States denies the allegations in paragraph 72.

73. The United States denies the allegations in paragraph 73

74. The United States denies the allegations in paragraph 74.

75. The United States denies the allegations in paragraph 75.

76. The United States admits the quoted phrase is quoted correctly from the cited statute, denies plaintiffs' characterization of the cited statute and cases, and denies the remaining allegations in paragraph 76.

77. The United States admits the quoted phrases are quoted correctly from the cited sources, denies plaintiffs' characterizations of those sources, and denies the remaining allegations in paragraph 77.

78. The United States admits the quoted phrases are quoted correctly from the cited sources, denies plaintiffs' characterizations of those sources, and denies the remaining allegations in paragraph 78.

79. The United States denies the allegations in paragraph 79.

80. Paragraph 80 contains hypothetical facts to which no response is required. To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 80.

81. Paragraph 81 contains hypothetical facts to which no response is required. To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 81.

82. Paragraph 82 contains hypothetical facts to which no response is required. To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 82.

83. Paragraph 83 contains hypothetical facts to which no response is required. To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 83.

84. The United States admits that the Constitution prohibits unapportioned direct taxes and denies the remaining allegations in paragraph 84.

85. The United States admits the quoted phrases are quoted correctly from the cited sources, denies plaintiffs' characterizations of those sources, and denies the remaining allegations in paragraph 85.

86. The United States admits the allegations in the first sentence of paragraph 86. The United States denies the remaining allegations in paragraph 86.

87. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 87. The United States denies the allegations in the third sentence of paragraph 87. The fourth sentence of paragraph 87

contains hypothetical facts to which no response is required; to the extent a response is required, the United States denies the allegations in the fourth sentence of paragraph 87.

88. The United States denies the allegations in the first sentence of paragraph 88. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentences of paragraph 88. The third sentence of paragraph 88 contains hypothetical facts to which no response is required; to the extent a response is required, the United States denies the allegations in the third sentence of paragraph 88.

89. The United States denies the allegations in the first sentence of paragraph 89. The second, third, and fourth sentences contain hypothetical facts to which no response is required; to the extent a response is required, the United States denies the allegations in the second, third, and fourth sentences of paragraph 89.

90. The United States denies the allegations in paragraph 90.

**B. The United States denies the allegations in heading III(B).**

91. The United States denies the allegations in paragraph 91.

92. The United States denies the allegations in paragraph 92.

93. The United States admits the quoted phrases are quoted correctly from the cited sources, denies plaintiffs' characterizations of those sources, and denies the remaining allegations in paragraph 93.

94. The United States lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 94.

95. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95.

96. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96.

97. The United States denies the allegations in paragraph 97.

98. The United States admits that the quoted phrase is quoted correctly from the cited source.

99. The United States denies Plaintiff created the new tokens and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 99.

100. The United States denies Plaintiff created the new tokens and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 100.

101. The United States denies Plaintiff created the new tokens and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 101.

102. The United States denies Plaintiff created the new tokens and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 102.

103. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103.

104. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104.

105. The United States denies Plaintiff or other users create new tokens and lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 105.

106. The United States denies the allegations in paragraph 106.

107. The United States denies the allegations in paragraph 107.

108. The United States denies the allegations in paragraph 108.

109. The United States denies the allegations in paragraph 109.

110. The United States denies the allegations in paragraph 110.

111. The United States denies the allegations in paragraph 111.

112. The United States denies the allegations in paragraph 112.

113. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113.

**C. The United States denies the allegations in heading III(C).**

114. The United States denies the allegations in paragraph 114.

115. The United States denies the allegations in paragraph 115

116. The United States admits the two quoted words are quoted correctly from the cited source, denies Plaintiffs' characterization of the source, and denies the remaining allegations in paragraph 116.

117. The United States admits that the income tax taxes certain gains, denies that this is a complete statement of law, and denies the remaining allegations in paragraph 117.

118. The United States admits that the quoted phrases are quoted correctly from the cited source, denies Plaintiffs' characterizations of the source, and denies the remaining allegations in paragraph 118.

119. The United States denies the allegations of paragraph 119, which constitute an incomplete statement of law.

120. The United States denies the allegations in paragraph 120.

121. The United States denies users create the new tokens and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 121. The second, third, the fourth, and fifth sentences of paragraph 121 contain hypothetical facts to which no response is required; to the extent a response is a required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, fourth, and fifth sentences of paragraph 121.

122. The United States denies stakers create new tokens and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 122.

123. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123.

124. The United States denies the allegations in paragraph 124.

125. The United States denies the allegations in paragraph 125.

126. The United States denies the allegations in paragraph 126.

127. The United States denies the allegations in paragraph 127.

**D. The United States denies the allegations in subheading III(D).**

128. The United States denies the allegations in paragraph 128

129. The United States admits the quoted sentence is quoted correctly from the cited source and denies the remaining allegations in paragraph 129.

130. The United States admits the quoted passages are quoted correctly from the cited sources, denies Plaintiffs' characterizations of the sources, and denies the remaining allegations in paragraph 130.

131. The United States admits the quoted passages are quoted correctly from the cited sources, denies Plaintiffs' characterizations of the sources, and denies the remaining allegations in paragraph 131.

**IV. The United States denies the allegations in heading IV.**

132. The United States denies Plaintiff creates Tezos tokens, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 132.

133. The United States denies the allegations in paragraph 133.

134. The United States admits that Plaintiff must correctly report and pay his taxes each year. The remaining allegations in paragraph 134 constitute hypothetical facts to which no response is required; to the extent a response is required, the United States lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 134.

135. The United States admits the first sentence of paragraph 135 to the extent it alleges the Anti-Injunction Act bars suits to enjoin the collection of taxes, subject to specific statutory exceptions, otherwise the United States denies the allegations of the first sentence of paragraph 135 are an accurate statement of law. The United States admits the allegations of the second and third sentences of paragraph 135 to the extent they allege the certain prerequisites for filing a tax refund suit under 26 U.S.C. § 7422 in federal court, and denies the remaining allegations in paragraph 135.

136. The United States admits the allegations in paragraph 136 to the extent they allege that Plaintiffs filed a similar refund suit for tax year 2019.

137. The United States denies Plaintiff created Tezos tokens and admits the remaining allegations in paragraph 137.

138. The United States admits the IRS issued Plaintiff a refund, and denies the remaining allegations in paragraph 138.

139. The United States denies the allegations in paragraph 139.

140. The United States denies Plaintiff created Tezos tokens and admits the remaining allegations paragraph 140.

141. The United States lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 141.

142. The United States denies the allegations in the first sentence of paragraph 142 to the extent it alleges that Plaintiffs were "forced" into a refund suit or that a refund suit results in an "agreement to … protection for future years." The United States lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 142.

143. The United States admits that Plaintiffs timely filed their original 2020 Form 1040 and that, on August 29, 2023, Plaintiffs filed a Form 1040X for tax year 2020 that reported to the IRS that Plaintiffs changed the treatment of Tezos staking rewards, attached a staking schedule that reported 13,713.63 of Tezos staking activity, and included an additional $32,832.26 in Plaintiffs' other income reported for tax year 2020.

144. The United States admits the allegations in paragraph 144.

145. The United States admits the allegations in paragraph 145

146. The United States admits the allegations in paragraph 146.

147. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147.

148. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148.

149. The United States admits the allegations in paragraph 149 to the extent it alleges the six-month period of 26 U.S.C. § 6532(a)(1) has expired.

150. The United States admits the allegations in paragraph 150.

151. The United States admits the allegations in paragraph 151 but denies Plaintiff created Tezos tokens, and denies Plaintiff can obtain an injunction in a refund suit.

152. The United States denies the allegations in paragraph 152.

153. The United States admits the quoted sentence is quoted correctly from the cited source, but denies Plaintiffs' characterization of the quoted source as showing the IRS agrees that an injunction is permissible (as a legal matter), rather than asked-for by taxpayers in a refund suit (as a practical matter). The IRS denies the remaining allegations in paragraph 153.

154. The United States denies the allegations in paragraph 154.

155. The United States incorporates by reference and restates its responses to the previous allegations.

156. The United States denies the allegations in paragraph 156.

157. The United States denies the allegations in paragraph 157.

158. The United States denies the allegations in paragraph 158.

159. The United States denies the allegations in paragraph 159.

160. The United States denies the allegations in paragraph 160.

161. The United States denies the allegations in paragraph 161.

WHEREFORE the United States requests that the Court deny Plaintiffs all relief they seek, dismiss the Complaint, and grant such other relief that the Court deems appropriate.

Dated: December 20, 2024

        DAVID A. HUBBERT
        Deputy Assistant Attorney General

        */s/ Ryan O. McMonagle*
        RYAN O. MCMONAGLE
        STEPHEN S. HO
        Trial Attorneys, Tax Division
        U.S. Department of Justice
        P.O. Box 227
        Washington, D.C. 20044
        202-307-1355; 202-616-8994 (v)
        202-514-6866 (f)
        Ryan.McMonagle@usdoj.gov
        Stephen.S.Ho@usdoj.gov