# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA JARRETT, JESSICA JARRETT, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 3:24-cv-01209 <br><br> Chief Judge William L. Campbell, Jr. <br> Magistrate Judge Alistair E. Newbern |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to this Court's Local Rule 16.01, counsel for all parties have met and conferred to discuss the matters addressed in Federal Rule of Civil Procedure 26(f). Agreements reached by counsel or the parties' differing positions are memorialized in this joint proposed initial case management order, which reflects the case management preferences of Magistrate Judge Newbern and the presiding District Judge.

    **A.**      **JURISDICTION:** The Court has jurisdiction pursuant to 26 U.S.C. § 7422

    **B.**      **BRIEF THEORIES OF THE PARTIES:** *These statements shall briefly summarize the parties' positions and shall not be a recitation of the pleadings or argument of the claims.*

**PLAINTIFF:**

This case is about the tax implications of staking cryptocurrency assets. The cryptocurrency assets at issue are called Tezos tokens, which exist on a public blockchain. The Tezos public blockchain—which validates transactions using Tezos tokens—is built via a "proof-of-stake" process. That means persons who hold Tezos tokens can use their tokens, together with computing power and code, to validate transactions that use Tezos tokens. This process, known as "staking," creates new "blocks" on the Tezos blockchain. As part of the creation of each new block, participants in the staking create new Tezos tokens.

At the start of 2020, Plaintiffs Joshua Jarrett and Jessica Jarrett owned Tezos tokens. During 2020, Plaintiffs used their Tezos tokens, along with computing power and code, to validate Tezos transactions on the public blockchain, creating new Tezos tokens as a result. For the second year in a row, Plaintiffs paid income tax on the fair market value of the Tezos tokens they created, exhausted their administrative remedies before the IRS, and then filed suit for a refund of taxes paid to the United States of America based on the new Tezos tokens.

Because the tax code does not tax (and has never taxed) creative activity until it creates income, Plaintiffs' position is that tokens generated through "staking" should be taxed as income at the time of sale, not at the time of creation. Thus, Plaintiffs assert that, under 26 U.S.C. §61(a) and consistent with fundamental principles of U.S. tax law, the Tezos tokens they created through the staking process are not subject to income tax at the time they are created, but when they are sold (and thereby generate income). Plaintiffs also contend that new Tezos tokens cannot be included in income because they do not represent Plaintiffs' economic gain.

**DEFENDANT:**

Discovery and expert analysis are needed to determine whether Mr. Jarrett's activities "create[d] new Tezos tokens." Similarly, discovery and expert analysis are needed to identify the significant characteristics of the activities and whether and when income is realized and recognized. Additionally, not all of the Tezos tokens that Mr. Jarrett received were newly-issued; some were transaction fees charged to other Tezos users.

**C.      ISSUES RESOLVED:** *State all agreements reached by counsel and not otherwise addressed by this Order, including agreements as to jurisdiction, venue, and other matters as appropriate.*

The parties agree as to both jurisdiction and venue.

**D.      ISSUES STILL IN DISPUTE:** *Briefly summarize all issues still in dispute including, for example, liability and damages.*

In dispute is whether Plaintiffs recognized taxable income during 2020 by staking Tezos tokens and if so, how much and whether Plaintiffs overpaid their tax liability for 2020.

**E.      INITIAL DISCLOSURES:**

The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before February 14, 2025.

**F.      CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:**

*Chief Judge Campbell:* The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rule 16.02 through 16.05. If the parties do not propose a

2

detailed plan for resolution of the case in their proposed initial case management order, the Court will establish case resolution plan requirements. Approximately fourteen (14) days after the conclusion of fact discovery, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

*Magistrate Judge Newbern:* The parties may request referral to a member of the Court's ADR Panel for pro bono mediation by filing a motion that states why private mediation is not feasible and why referral to a mediator will materially advance the resolution of the case.

### G. DISCOVERY:

The parties shall complete all written discovery and depose all fact witnesses on or before August 22, 2025. Written discovery shall proceed promptly (unless otherwise provided for herein) and shall be served no later than July 11, 2025. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

*Chief Judge Campbell:* No discovery dispute may be brought to the Court for resolution before lead counsel for all parties has conducted an in-person meeting and made a good faith effort to resolve any dispute(s).

*Magistrate Judge Newbern:* If the parties are unable to resolve a discovery dispute after conferring in good faith as required by the Court's Local Rule 37.01 and the District Judge's case management preferences, counsel shall notify Magistrate Judge Newbern's chambers and request a discovery dispute telephone conference. Not later than two days before the conference, the parties shall file a joint statement of the discovery dispute that states the particular requests or responses

3

at issue, summarizes counsel's good-faith discussions, and briefly addresses the parties' positions. Each party's position statement shall be limited to no more than three pages per issue. The parties may attach documents for review that will be useful to the Court's understanding of the dispute. If the parties are unable to reach a resolution of the dispute after the conference, the Magistrate Judge will set a schedule for discovery motion briefing. If a party files a discovery motion before a discovery dispute conference has been held, the motion will likely be terminated.

All motions related to fact discovery shall be filed by no later than September 8, 2025.

**H.      MOTIONS TO AMEND OR TO ADD PARTIES:**

Any motions to amend or to add parties shall be filed no later than March 21, 2025.

Any motion to amend must be accompanied by the proposed amended pleading, which shall be included as an exhibit to the motion. Before filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether the motion is opposed. Any motion to amend must comply with Local Rules 7.01 and 15.01.

**I.      DISCLOSURE AND DEPOSITIONS OF EXPERT WITNESSES:**

The plaintiffs and defendant shall identify and disclose all expert witnesses and expert reports on or before October 3, 2025. The parties shall make any rebuttal disclosures on or before November 3, 2025. All expert witnesses shall be deposed on or before December 5, 2025.

*Chief Judge Campbell:* Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5.C).

**J.      NEXT CASE MANAGEMENT CONFERENCE:**

A case management conference with the Magistrate Judge will be held by telephone on July 1, 2025. Counsel shall be prepared to address the status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and any other appropriate matters. Unless otherwise instructed, counsel shall call (888) 557-8511 and enter access code 7819165# to join the call.

**K.      DISPOSITIVE MOTIONS:**

*Chief Judge Campbell:* As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than January 23, 2026. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

**L.      ELECTRONIC DISCOVERY:**

The parties shall discuss any anticipated electronic discovery before the initial case management conference. If the parties reach an agreement on how to conduct electronic discovery in this case, Administrative Order 174-1 need not apply. Any agreement among the parties to address electronic discovery shall be reduced to writing, signed by counsel, and filed as a stipulation of agreed-upon electronic discovery procedures. If the parties request the Court's approval of their agreement, they shall file it was a proposed agreed order with the appropriate accompanying motion. In the absence of an agreement, Administrative Order 174-1 will apply.

**M.      MODIFICATION OF THE CASE MANAGEMENT ORDER:**

*Chief Judge Campbell:* Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

**N.      REQUESTS TO SEAL DOCUMENTS:**

*Chief Judge Campbell:* Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rule 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome

6

the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

O.    ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:

The bench trial of this action is expected to last approximately 2 days. The target trial date is July 14, 2026.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

7