# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA JARRETT, and<br>JESSICA JARRETT<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 3:24-cv-01209

## UNITED STATES' MOTION FOR SUMMARY JUDGMENT

The United States moves under Fed. R. Civ. P. 56 for summary judgment against the plaintiffs Joshua Jarrett and Jessica Jarrett on their claim for a tax refund for the 2020 tax year.

As discussed more fully in the attached memorandum of law and exhibits, the plaintiffs have the burden of proving they are entitled to a tax refund. *United states v. Janis*, 428 U.S. 433, 440 (1976). Because their refund claim is premised solely on their assertion that the cryptocurrency staking rewards they reported on their 2020 Form 1040 income tax return are not properly included within their gross income under 26 U.S.C. § 61(a), they must show either that the rewards do not qualify as gain under section 26 U.S.C. § 61(a) or that they do, but some other provision of the Internal Revenue Code excepts them. *Comm'r v. Glenshaw Glass Co.*, 348 U.S. 426, 430 (1955).

The undisputed facts show that cryptocurrency staking rewards constitute gain and that they are includable in income under 26 U.S.C. § 61(a) as a matter of law. Additionally, no other provision of the Internal Revenue Code excepts them from taxation. And finally, the inclusion of staking rewards in income at their fair market value upon receipt is correct as a matter of law.

Because the plaintiffs cannot meet their burden to show staking rewards are either not income or exempt from income, and cannot show the rewards confer gain below their fair market value, they cannot meet their burden to prove their entitlement to a refund. *Greer v. United States*, 207 F.3d 322, 326 (6th Cir. 2000). Thus, the Government is entitled to summary judgment. *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *Moldowan v. City of Warren*, 578 F.3d 351, 375 (6th Cir. 2009).

Dated: April 24, 2026

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General, Tax
Litigation Branch


*/s/ Ryan O. McMonagle*
RYAN O. MCMONAGLE
STEPHEN S. HO
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
202-307-1355 (ROM)
202-514-6866 (f)
Ryan.McMonagle@usdoj.gov
Stephen.S.Ho@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on April 24, 2026, I filed the foregoing Motion with the Clerk of Court

using the CM/ECF system which shall send notification of such filing to all counsel of record.

*/s/ Ryan O. McMonagle*
RYAN O. MCMONAGLE
Trial Attorney

3