# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA JARRETT and JESSICA JARRETT, <br><br>                          Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br>                          Defendant. | Case No. 3:24-cv-01209 |

## PLAINTIFFS' REPLY IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

In this short reply, *see* LR 56.01(f), the Jarretts make five main points.[1] The parties agree that, if staking rewards are not income under §61(a), then the Jarretts win. Even though the Jarretts don't need an exemption from §61(a), the government's theory of exemptions is so strange that the Jarretts would win under that theory too. In terms of remedies, the government forfeits any objection to vacatur of Revenue Ruling 2023-14. And even accepting the government's substantive position, the Jarretts have the only evidence (and the government has the burden) on dilution.

**1. §61(a)**. The government agrees it loses if staking rewards are "not within the reach of 26 U.S.C. §61(a)." IRS-Opp.1. So its citations to §83 are irrelevant. Jarretts-Opp.15. Though the government repeats that §61(a) is construed liberally, the statute is construed liberally to reach all income—not to alter the "common meaning" of income itself. *Flight Options v. United States*, 2026 WL 1481109, at *8 (6th Cir. May 27); *see* Jarretts-Opp.7. Created property does not "come in." It is not "derived" from a source. 26 U.S.C. §61(a). And beyond these textual limits, gains from created property are not realized under *Glenshaw Glass*. Jarretts-Opp.9-13. Even if this Court thinks the tax code is silent, the Sixth Circuit just clarified that the Jarretts win. "[N]o canon" tells courts to "look for the 'most general' meaning of a tax statute and apply it in favor of the government." *Flight Options*, 2026 WL 1481109, at *8. The pro-taxpayer canon requires "the opposite," ensuring tax laws don't extend "'beyond the clear import of the language … to embrace matters not specifically pointed out.'" *Id.* at *8, *5.

The government stands by its assertion that all taxpayer-created property is income under §61(a) unless Congress expressly excludes it. IRS-Opp.4. That assertion is false. The cited authorities don't say created property is income subject to an exception; they say created property is *not income*. Jarretts-Opp.4-6. The government has no example of property being taxable upon creation. Treasure

---

[1] The Jarretts are unable, with five pages and one day's notice, to respond to the *amicus* brief. Doc.57. But they note that *amici* cannot raise arguments that the government doesn't. *Self-Ins. Inst. of Am., Inc. v. Snyder*, 827 F.3d 549, 560 (6th Cir. 2016).

troves are not created; the finder acquires preexisting property with a true owner. *See* 26 C.F.R. §1.61-14(a); *Cesarini v. United States*, 296 F. Supp. 3 (N.D. Ohio 1969). Nor can the government identify a statutory exception for any created property. Express exceptions from income have their own part in the code. *See* 26 U.S.C. §§101-40 ("Items Specifically Excluded from Gross Income"). Nothing in that part exempts crops, books, or any new property. The government's other statutes aren't even exclusions; they merely *recognize* the background rule that created property is not income. *See* 26 U.S.C. §447; 26 U.S.C. §1221(a).[2] And its cited regulations are not *statutory* exceptions. Plus they apply only when the taxpayer sells property "as a business." IRS-Opp.10. No one thinks a taxpayer who builds a shed destined for his backyard must pay income tax immediately, but a taxpayer who builds a shed destined for Home Depot must pay income tax only when he sells.

Without a workable theory of how the tax code treats created property, the government denies anew that staking rewards are created property. Yet the material facts remain undisputed: No one owned the tokens before Jarrett. IRS-Opp.1. The tokens were not transferred to him. *E.g.*, Doc.52 ¶¶12-19, ¶40. And his staking "generate[d]" the reward tokens. ¶19. The government now says staking rewards are different because their creation requires the "substantial involvement" of other stakers. IRS-Opp.8. But dependence on others is a feature of all productive activity. Tesla could not make or sell a car without suppliers, contractors, and others; yet a Model Y is not Tesla's income once the last bolt is tightened. Compared to other created property, cryptocurrency has *far less* third-party involvement. Staking on Tezos is permissionless; no contracts or approvals are needed to stake. *See* McKeon-Rep. ¶85; Doc.52 ¶18. Apart from stressing other users, the government stresses that staking rewards are "a substitute for real currency." IRS-Opp.6. That point remains unpersuasive, Jarretts-Opp.5-6,

---

[2] Contra the government, IRS-Opp.10 n.8, "self-created intangibles" were never taxed before sale. Section 1221(a)(3) was passed in 1950 (not 2017). It merely ensures the sale of certain taxpayer-created property gives rise to ordinary, as opposed to capital, income. Patents and trade secrets were added to the statute in 2017. *See* Sutherland, *Phantom Income*, 178 Tax Notes Fed. 669, 678 (Jan. 30, 2023).

2

10-11, and contradicts the IRS's own treatment of cryptocurrency as property not currency, IRS Notice 2014-21.[3]

**2. Exemptions**. Even if the Jarretts needed an express exception from §61(a), they have one—at least under the odd view of exceptions in the government's opposition. For the first time, the government concedes that "inventory" is not taxed until sold. IRS-Opp.1, 6. But inventory is not a type of property, like crops or books; it's a classification that can apply to any property. Whether property is inventory depends on how the taxpayer is holding it. 26 U.S.C. §1221(a)(1). If the property is "held mainly for sale to customers in a trade or business," then it's inventory—an observation the IRS concedes holds true for cryptocurrency. IRS Notice 2014-21 at 3-4; Doc.52 ¶33. That concession is fatal. It means tokens in the hands of their first owner are not income if they are inventory. If Jarrett is holding his 13,714 new tokens "primarily for sale to customers in the ordinary course of his trade or business," 26 U.S.C. §1221(a)(1), then even the government thinks the tokens are not income when created. Their character turns on facts and circumstances determined at the time of their sale. *Bauschard v. Comm'r*, 279 F.2d 115, 117 (6th Cir. 1960). Time of sale is *the Jarretts'* position, not the government's.

**3. Exhaustion**. The "substantial variance" doctrine does not bar the Jarretts from making a "constitutional argument." *Cf.* IRS-Opp.11-12. The Jarretts have not varied from their administrative claim at all, let alone substantially. There, they argued that Jarrett's staking rewards are "not taxable income" because there was no "sale or exchange," citing "both the tax code and the Constitution." Doc.36-19. The government agrees this language preserved the Jarretts' arguments under "the tax code," including §61(a). Though it now says "the Constitution" wasn't specific enough, "the law does

---

[3] The Jarretts have seen yesterday's opinion in *Paschall v. Comm'r*. There, a tax-court judge ruled that certain staking rewards were income—on pro se briefing, decrying the lack of expert testimony, and on materially different facts. 2026 WL 1597503, at *1-6 & nn.7-8 (T.C. June 4). Crucially, "[t]he parties agree[d] that [the taxpayer] received staking rewards," as they were distributed monthly by an exchange that also reported them on IRS Form 1099. *Id.* at *5, *2-3. Here the parties agree no one owned the tokens before Jarrett. IRS-Opp.1.

3

not require taxpayers to 'provide a perfectly detailed explanation of' their legal theories in refund claims," *Altria Grp. v. United States*, 2025 WL 2772756, at \*16 (E.D. Va. Sept. 29). As the government's own case explains, the "factual contention" that staking rewards are not income was enough to notify the IRS of the Jarretts' claims, statutory and constitutional. *Id.* at \*16; *accord First Nat. Bank v. United States*, 727 F.2d 741, 744 (8th Cir. 1984) ("merely stating that collection of penalty is unconstitutional is sufficient"). Plus the government had actual, timely notice of the Jarretts' constitutional argument from "'other written communications,'" *Liftin v. United States*, 111 Fed. Cl. 13, 19 (2013), including their prior refund claim, *Jarrett I*-Doc. 51-1 ¶7, No. 21-cv-419 (M.D. Tenn.), and their complaint in this case, Doc.1 ¶¶76-77, ¶¶84-86. In its answer to that complaint, the government concedes the Jarretts satisfied administrative exhaustion and does not raise substantial variance as a defense. Doc.15 at 1, ¶12, ¶19, ¶135; *see United States v. Henderson Clay Prods.*, 324 F.2d 7, 17-18 (5th Cir. 1963) (similar conduct waived defense). At a minimum, substantial variance is irrelevant because, even if the Jarretts were limited to statutory claims, they can raise constitutional arguments like avoidance to prove their statutory interpretation is best. *See* IRS-Opp.13 (agreeing §61(a) and the Constitution are coextensive).

**4. Remedies**. If Jarrett's staking rewards are not income, the government does not oppose vacatur of Revenue Ruling 2023-14. *See* Jarretts-MSJ 18-19. Its opposition does not address the Jarretts' separate arguments for vacatur, invoke the Anti-Injunction Act, or raise any other objection—thus forfeiting any challenge to vacatur. *See Ins. Mktg. Coal. v. FCC*, 127 F.4th 303, 317 n.16 (11th Cir. 2025). As for declaratory and injunctive relief, the government confirms its view that, without forward-looking relief, the Jarretts will not be protected in future tax years. IRS-Opp.16. Its arguments for why the Court cannot award that relief in a *live* refund suit remain unpersuasive. *See* Jarretts-MSJ 16-17.

**5. Dilution**. The government never disputes that its position (taxation upon creation) needs to account for dilution, while the Jarretts' position (taxation upon sale) does not. Jarretts-MSJ 19. Yet the government gives this Court no real solution, certainly not without a trial.

The government cannot say dilution is irrelevant because, under the "law," reward tokens are taxed at their "fair market value." IRS-Opp.13. This argument assumes the government will win that reward tokens are not just income, but specifically "compensation" for "services." 26 C.F.R. §1.61-2(d)(1); 26 U.S.C. §83(a); *but see* Jarretts-Opp.13-16. Even if the tokens were compensation for services, the government agrees that §61(a) reaches only "gai[n]," IRS-Opp.3; and in some contexts, like stock splits, gain is fair market value minus dilution, Jarretts-Opp.20-21. Today, stock dividends have a specific statute that treats them differently. *See* 26 U.S.C. §316(a); §305; *Helvering v. Griffiths*, 318 U.S. 371, 394-95 (1943). But precisely because tokens are not stock, IRS-Opp.14, they are not covered by those statutes or later cases interpreting them. They are covered by the default income-tax principles in *Towne* and *Macomber*, which require accounting for "dilution." *Eisner v. Macomber*, 252 U.S. 189, 211 (1920). Not "inflation," *cf.* IRS-Opp.14, but dilution—the economic reality that cutting a pie into more pieces does not create more pie, Jarretts-Opp.22-23.

The government also can't deny that dilution exists—or say the Jarretts have no evidence. *Cf.* IRS-Opp.13-16. The Jarretts have expert testimony from an economist, whose credentials and expertise the government doesn't challenge. Dr. McKeon explains in detail that, while the *exact extent* of dilution is hard to know, *cf.* IRS-Opp.14, the existence of this economic concept and its application to Tezos are clear. McKeon-Rep. ¶¶98-117. Dr. McKeon's testimony is certainly evidence, even the kind of "credible evidence" that shifts the burden to the government. *Heger v. United States*, 103 Fed. Cl. 261, 266 (2012) (identifying "expert witness reports and testimony" as "credible" evidence that triggers 26 U.S.C. §7491). The government's disbelief in economics and its conflation of correlation and causation fall far short of carrying its shifted burden at summary judgment. *See* Jarretts-Opp.24-25. And if dilution is real, the Jarretts' have the *only* evidence quantifying its effect here. *See* Jarretts-MSJ 21-22.

This Court should grant the Jarretts' motion for summary judgment.

Dated: June 5, 2026

<u>/s/ *Cameron T. Norris*</u>
CONSOVOY MCCARTHY PLLC
Cameron T. Norris
Zachary P. Grouev*
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Telephone: 703.243.9423
cam@consovoymccarthy.com
zach@consovoymccarthy.com

J. Abraham Sutherland*
106 Connally Street
Black Mountain, NC 28711
Telephone: 805.689.4577

*\* pro hac vice*

### CERTIFICATE OF SERVICE

On June 5, 2026, I e-filed this reply with the Court, which emailed everyone requiring service.

<u>/s/ *Cameron T. Norris*</u>