IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA JARRETT and JESSICA JARRETT,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Case No. 3:24-cv-01209 |

**PLAINTIFFS' UNOPPOSED MOTION
TO HOLD ORAL ARGUMENT ON THE PARTIES'
MOTIONS FOR SUMMARY JUDGMENT**

The Jarretts respectfully request that the Court set a date to hold oral argument on the parties' cross-motions, which are now fully briefed and ripe for review. *See* Dkts.60-61.

Courts in this district regularly hear oral argument on dispositive motions when doing so would aid the resolution of the case. *E.g.*, *In re Realpage*, 2025 WL 3257456, at *29 (M.D. Tenn. Nov. 21) (motions to dismiss); *Jordan v. Joe B. Beasley & Assoc.*, 2024 WL 150584, at *1 (M.D. Tenn. Jan. 12) (motion to dismiss and for summary judgment); *Fudge v. Love's Travel Stops & Country Stores*, 745 F. Supp. 3d 622, 623 (M.D. Tenn. 2024) (motion to dismiss); *Matthew B. by & through G.F. v. Clarksville Montgomery Cnty. Sch. Sys.*, 2024 WL 2245117, at *2 (M.D. Tenn. Apr. 22) (cross-motions for judgment on the administrative record); *Azbell v. Wilkie*, 2019 WL 4887199, at *1 (M.D. Tenn. Oct. 3) (motion for summary judgment).

This refund suit involves cryptocurrency—an emerging technology the factual mechanics of which can often be complex. It also presents important issues of statutory and constitutional interpretation, including whether the Sixteenth Amendment contains a constitutional requirement that income be realized to be taxed without apportionment. *See* IRS-Reply 3-4 (arguing that "the Ninth Circuit's decision in *Moore* that 'whether the taxpayer has realized income does not determine whether a tax is constitutional' is undisturbed"). The Court's resolution of such complex and weighty questions is often aided by oral argument. *E.g.*, *Welty v. Dunaway*, 749 F. Supp. 3d 882, 898 (M.D. Tenn. 2024) (oral argument on motion to dismiss and motion for preliminary injunction in First Amendment case); *Fox v. Faison*, 668 F. Supp. 3d 751, 759 (M.D. Tenn. 2023) (same). The same is true here.

Oral argument is also appropriate given the NYU Tax Law Center's proposed *amicus* brief, which was filed one day before the Jarretts' reply brief and raises arguments not made by the government in either its motion for summary judgment or its opposition to the Jarretts' motion. *See* Doc.57. Although the Jarretts consented to NYU's filing of its proposed brief, given the timing and page limits they were unable to respond to twenty-five pages of new arguments in a five-page reply,

other than to note that *amici* cannot make arguments not made by the parties. *See* Jarretts-Reply 1 n.1 (citing *Self-Ins. Inst. of Am., Inc. v. Snyder*, 827 F.3d 549, 560 (6th Cir. 2016)). Thus, to the extent the Court considers or has questions about the points in NYU's *amicus* brief, oral argument would aid the Court's consideration by allowing the Jarretts an opportunity to meaningfully respond. The Jarretts have also conferred with the government, which does not oppose this request for oral argument.

For these reasons, the Court should set a date to hold oral argument on the parties' cross-motions for summary judgment.

Dated: June 9, 2026

/s/ *Cameron T. Norris*
CONSOVOY MCCARTHY PLLC
Cameron T. Norris
Zachary P. Grouev*
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Telephone: 703.243.9423
cam@consovoymccarthy.com
zach@consovoymccarthy.com

J. Abraham Sutherland*
106 Connally Street
Black Mountain, NC 28711
Telephone: 805.689.4577

*\* pro hac vice*

### CERTIFICATE OF SERVICE

On June 9, 2026, I e-filed this motion with the Court, which emailed everyone requiring service.

/s/ *Cameron T. Norris*